CASE NO. 24-3264

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff- Appellee,*

**vs.**

GUANTERIO LOGAN,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
5:23-cr-00422-1

APPELLANT'S BRIEF

**CHRISTOPHER JOHN JOYCE**
Attorney for Appellee
Office of the U.S. Attorney
2 S. Main Street, Suite 208
Akron, OH 44308
(330) 375-5716
christopher.Joyce@usdoj.gov

**KEVIN M. CAFFERKEY**
Attorney for Appellant
55 Public Square
2100 Illuminating Building
Cleveland, OH 44113
(216) 363-6014
kmcafferkey@hotmail.com

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

PAGE NO.

TABLE OF CASES, STATUES, AND OTHER AUTHORITIES ...........................................ii

STATEMENT IN SUPPORT OF ORAL ARGUMENT........................................................ iv

STATEMENT OF JURISDICTION......................................................................................1

STATEMENT OF THE ISSUES .........................................................................................2

       I.    WHETHER THE DISTRICT COURT ERRED IN APPLYING A 4-LEVEL
           SENTENCING   ENHANCEMENT   PURSUANT   TO   U.S.S.G.
           §2K2.1(B)(6)(B).

STATEMENT OF THE CASE ..............................................................................................3

SUMMARY OF THE ARGUMENT....................................................................................20

ARGUMENT.......................................................................................................................21

CONCLUSION.....................................................................................................................26

CERTIFICATE OF COMPLIANCE...................................................................................28

CERTIFICATE OF SERVICE.............................................................................................29

APPELLANT'S DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS.................30

## TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES

**Cases**

*United States v. Bullock*, 526 F.3d 312 (6th Cir. 2008) ...........................................24

*United States v. Burns*, 498 F.3d 578 (6th Cir. 2007) .............................................24

*United States v. Jeffries*, 587 F.3d 690 (5th Cir. 2009) .........................................25

*United States v. McKenzie*, 410 F. App'x 943 (6th Cir. 2011) ....................21, 24, 25

*United States v. Mukes*, 980 F.3d 526 (6th Cir. 2020) ...........................................21

*United States v. Shields*, 664 F.3d 1040 (6th Cir. 2011) ........................................22

*United States v. Taylor*, 648 F.3d 417 (6th Cir. 2011) .......................................21, 22

**Statutes**

18 U.S.C. § 922...................................................................................................1, 3

18 U.S.C. § 924...................................................................................................1, 3

18 U.S.C. § 3553..............................................................................................11, 19

21 U.S.C. § 844......................................................................................................23

28 U.S.C. § 1291......................................................................................................1

ORC § 2925.11........................................................................................................22

**Other**

Federal Rule of Appellate Procedure 34.................................................................iii

Sixth Circuit Rule 34............................................................................................. iii

U.S.S.G. §2K2.1..............................................................................................PASSIM

U.S.S.G. §4A1.3.....................................................................................................10

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34(a)(1) and Sixth Circuit Rule 34(a), Appellant Guanterio Logan respectfully requests an oral argument in this matter. Appellant Logan believes that an oral argument would assist this Honorable Court in its ruling and would better effectuate his Sixth Amendment right to counsel on appeal. Mr. Logan was improperly sentenced to a lengthy sentence of one hundred and ten (110) months imprisonment when the appropriate range under the terms of his plea agreement and based upon the facts presented at sentencing, should have been a guideline range of 77 months to 96 months imprisonment.

## STATEMENT OF JURISDICTION

Original jurisdiction for this matter was established pursuant to the 1-count Indictment in Northern District of Ohio case number 5:23CR422 alleging that on February 22, 2023, Guanterio N. Logan committed the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) and 924(a)(8). (Indictment, R. 1, PID 8-9). Mr. Logan plead guilty to Count 1 pursuant to a written plea agreement that reserved his right to appeal a sentence outside the parties stipulated guideline range of 77 to 96 months imprisonment. The District Court sentenced Mr. Logan to serve one hundred and ten (110) months imprisonment as to Count 1, to be served consecutive to any parole violation/state sentence. (Judgment, R. 26, PID 130).

The United States District Court for the Northern District of Ohio exercised original jurisdiction pursuant to the Indictment. This Honorable Court has Appellate jurisdiction of this direct appeal under 28 U.S.C. § 1291.

## <u>STATEMENT OF THE ISSUES</u>

I.    WHETHER THE DISTRICT COURT ERRED IN APPLYING A 4-LEVEL SENTENCING ENHANCEMENT PURSUANT TO U.S.S.G. §2K2.1(B)(6)(B).

## STATEMENT OF THE CASE

Guanterio N. Logan was the sole defendant named in a 1-count Indictment in Northern District of Ohio case number 5:23CR422 alleging that on February 22, 2023, he committed the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) and 924(a)(8). (Indictment, R. 1, PID 8-9). The case was randomly assigned to the docket of Honorable Judge John R. Adams.

Mr. Logan appeared before Judge Adams on October 12, 2023 for his arraignment where he was appointed counsel and entered a not guilty plea. (Minutes, N.D.E.) Mr. Logan was ordered detained. The parties were able to reach an agreed upon resolution prior to trial.

### I.      CHANGE OF PLEA HEARING.

On December 6, 2023, Guanterio N. Logan pled guilty to the sole count of the Indictment pursuant to a written plea agreement. Mr. Logan appeared with his counsel and indicated that it was his intent to plead guilty. (Plea Trans., R. 35, PID 207).

Mr. Logan was placed under oath and informed the court that he was thirty-three (33) years old. *Id*. at PID 207-8. Mr. Logan stated that he was not under the influence of any type of drugs, alcohol, or medication that would affect his ability to understand the proceedings. *Id*. at PID 208. He also indicated that he understood the nature of the charges against him, had reviewed the charges with his counsel,

and discussed all matters pertaining to his case with his counsel. *Id*. at PID 209. He stated that he was satisfied with the assistance of his counsel. *Id*. at PID 123.

The Court addressed the written plea agreement on the record, ensuring that Mr. Logan had fully read and discussed the plea agreement with his counsel prior to signing it. *Id*. at PID 210. The Court informed Mr. Logan that he would "have the right to appeal any sentence outside of the recommendation of the parties" in the written plea agreement. *Id*.

The Court informed Mr. Logan of the statutory penalties for his offense, including a possible sentence up to fifteen (15) years imprisonment, a maximum statutory fine of $250,000, a maximum period of supervised release of three (3) years, and a one-hundred-dollar ($100) special assessment. *Id*. at PID 211. Mr. Logan indicated that he understood the statutory penalties and further agreed to forfeit the firearm involved in this offense. *Id*. Mr. Logan was informed by the Court as to what a term of supervised release encompassed, including the penalties for possible violations of supervised release. *Id*. at PID 211-212. Mr. Logan understood the legal elements of the offense to which he was pleading guilty to. *Id*. at PID 212.

The parties in the written plea agreement agreed that the base offense level in this case was twenty-four (24) with a 3-level reduction for acceptance of responsibility, making the final offense level twenty-one (21). *Id*. at PID 213. At

the time of his change of plea hearing, counsel for the government and the defense estimated Mr. Logan to have a criminal history category of four (IV). *Id*. at PID 214. The Court indicated that at an estimated criminal history category of four (IV) and an offense level twenty-one (21), the estimated guideline range of imprisonment at sentencing would be 57 to 71 months. *Id*. Mr. Logan indicated that he understood how the guidelines worked. *Id*.

The Court also reviewed the appellate waiver provision of the written plea agreement, stating in part:

> "Under this provision, you are waiving or giving up your right to appeal or to challenge your sentence or your conviction in any way except you reserve the right to appeal the following areas: Number one, any sentence above the advisory guidelines. If the calculation is 57 to 71 months, if I were to go above the guidelines, then you could appeal that sentence being outside the terms of your plea agreement."

*Id*. at PID 216-217. Mr. Logan stated that he understood the terms of his appellate waiver, including what rights Mr. Logan had reserved under his plea agreement. *Id*.

The Court reviewed Mr. Logan's constitutional trial rights, including the right to a trial by jury, the presumption of innocence, the requirement for the government to prove him guilty beyond a reasonable doubt, the right to cross examine witnesses, the right to present evidence at trial, to subpoena witnesses to testify in his defense, the right to testify, and the right to not testify and not have

that be used against him. *Id*. at PID 217-221. Mr. Logan voluntarily waived his constitutional trial rights and agreed with the Court that there would be no trial in his case. *Id*. at PID 220-1. Mr. Logan was also informed that he had a continued right to counsel throughout his entire case. *Id*. at PID 220.

Counsel for the government indicated that the factual basis in support of his guilty plea was:

> "On February 22, 2023, Mr. Logan was a passenger in a vehicle that was traffic stopped. It was determined upon a search of the vehicle that there was a firearm, specifically an SCCY Industries, model CPX-2, 9 millimeter pistol, bearing serial number 058979, loaded with ammunition.
>
> The firearm was located in a bag right next to Mr. Logan. It was later tested and determined to have Mr. Logan's DNA on it. At the time Mr. Logan possessed it, he knew he had been previously convicted of crimes punishable by a term exceeding one year. And the firearm was manufactured outside the State of Ohio and, therefore, had affected interstate commerce and that it crossed state lines prior to the defendant possessing it.
>
> And this traffic stop and the possession of the firearm I described all took place in Akron, which is located in the Northern District of Ohio, Eastern Division."

*Id*. at PID 222. The Court inquired to the parties as to any other items that were found in the bag where the firearm was recovered from. *Id.* The government responded, stating: "Your Honor, there were no drugs in the bag where the firearm was located." *Id*.

Mr. Logan admitted that he possessed the firearm and did not have any questions about his plea agreement. *Id*. at PID 222-3. In addition, he stated that no one had tried to force, coerce, or threaten him in any way to enter this plea. *Id*. at PID 223. When asked how he plead to Count 1 of the Indictment, felon in possession of a firearm, Mr. Logan indicated "guilty." *Id*. at PID 223. The Court found that Mr. Logan was fully competent and capable of entering an informed plea, his plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense, and adjudged him guilty of these counts. *Id*.

The Court advised Mr. Logan to "stay out of trouble" at the facility he was housed in throughout his pretrial detention. *Id*. at PID 224. The Court further stated:

> "Just my short time with you, you seem to be respectful. You seem to be the kind of person that I am going to -- just based on my initial observation that I may want to give certain considerations to, but it's no secret. Anyone who gets in trouble that I can attribute to, again, disrespecting officers, any of the things I've already described, I get a written report. If I do that, that's an automatic six months bare minimum."

*Id*. at PID 224-5.

Mr. Logan's case was referred to United States Probation for the completion of a presentence report. *Id*. at PID 224.

## II.   PRESENTENCE REPORT.

Mr. Logan's final presentence report ("PSR") was issued on March 6, 2024. (PSR, R. 22, PID 91). The report indicated that Mr. Logan had been in continuous federal detention since October 12, 2023. *Id*. Mr. Logan had not had any violations or disciplinary reports while in custody. *Id*. at PID 93.

Mr. Logan submitted a written statement accepting responsibility for his actions, stating in part:

> "I travel through dangerous areas and felt the need to have the gun for protection. That was a poor choice. I know I can't have a gun.
>
> I have been in jail since February 22, 2023 and I have had time to think about the direction of my life. I am 33 years old and it is time to make better choices. It is hurting me being away from my children although I know it is my fault we aren't together."

*Id*. at PID 94-95.

The report found a base offense level of twenty-four (24) pursuant to U.S.S.G. §2K2.1(a)(2) because the defendant committed this instant offense subsequent to sustaining two felony convictions of a crime of violence. *Id*. at PID 95. Mr. Logan was given a 3-level reduction for accepting responsibility for his offense. *Id*.

Contrary to the terms of his plea agreement, the presentence report included a 4-level enhancement pursuant to U.S.S.G. §2K2.1(b)(6)(B), stating:

> Specific Offense Characteristics: According to U.S.S.G. §2K2.1(b)(6)(B), if the defendant used or possessed the firearm or ammunition in connection with another felony offense, increase by four levels. In this case, the defendant possessed the firearm along with a digital scale and with the possession with intent to distribute methamphetamine. He was indicted for Aggravated Possession of Drugs (F3) in Summit County. The charge was later dismissed due to federal prosecution (see paragraph 40).

*Id*. at PID 95. The presentence report indicated that the final offense level was twenty-five (25) and Mr. Logan's plea agreement provided for a final offense level 4-levels lower, to an offense level of twenty-one (21). *Id*.

Mr. Logan's report found him to have fourteen (14) criminal history points and gave him an additional one (1) point for being on parole at the time of his offense. *Id*. at PID 100. As a result of having fifteen (15) criminal history points, his criminal history category was six (VI). Mr. Logan did not have any other pending charges against him.

The presentence report documented two guideline ranges: (1) **Presentence Report Range**: An offense level of twenty-five (25) and a criminal history category of six (VI), resulting in an advisory guideline range of 110 months to 137 months; and (2) **Plea Agreement Range**: An offense level of twenty-one (21) and a criminal history category of six (VI),, resulting in an advisory guideline range of 77 months to 96 months. *Id*. at PID 104.

The Probation Officer indicated the following factors that may warrant a downward departure from the guideline range:

> The probation officer has identified the following factors as possible grounds for a departure from the applicable sentencing guideline provisions: U.S.S.G. §4A1.3(b)(1) – criminal history category overrepresents seriousness of defendant's criminal history category.

*Id*. at PID 108. The Probation Officer also indicated the following factors that may warrant a downward variance from the guideline range:

> The probation officer has identified the following factors as possible grounds for a variance from the applicable sentencing guideline provisions: accumulation of ten criminal history points in less than one year.

*Id*. The Probation Officer noted that during the last five fiscal years (FY 2018-2022), there were 432 defendants whose primary guideline was §2K2.1, with a **Final Offense Level of 25** and a Criminal History Category of six (VI). For the 431 defendants (100%) who received a sentence in whole or in part, the average length of imprisonment imposed was **97 months** and the median length of imprisonment was **102 months**. *Id*. at PID 109.

There were also 026 defendants whose primary guideline was §2K2.1, with a **Final Offense Level of 21** and a Criminal History Category of six (VI). For the 1019 defendants (99%) who received a sentence in whole or in part, the average length of imprisonment imposed was **71 months** and the median length of imprisonment was **77 months.**

The defense placed one (1) objection to the presentence report, stating: "The defendant objects to a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B). This was not in the plea agreement and was not charged in the Indictment." *Id.* at PID 110. The Probation Officer responded to the objection, stating: "The probation officer conducts an independent investigation into the facts of the case and an independent sentencing guideline analysis based on those facts. In addition to having a firearm, ammunition, marijuana, and digital scale, the defendant possessed 6.19 grams of methamphetamine pursuant to a City of Akron Police Division laboratory report and was indicted for a felony drug offense in the Summit County Court of Common Pleas. The enhancement is appropriately applied." *Id.* at PID 110.

### III.   DEFENDANT'S SENTENCING MEMORANDUM.

On March 13, 2024, the defense filed a sentencing memorandum requesting that the Court follow the terms of the parties plea agreement and to impose a sentence sufficient, but not greater than necessary to comply with federal sentencing goals using the statutory factors listed under 18 U.S.C. §3553(a). (Def. Sent. Memo., R. 24, PID 117).

On February 22, 2023 Akron police officers initiated a traffic stop of a motor vehicle for not having a visible plate. *Id.* The driver of the vehicle (Ms. Whitt) had a suspended license and the front seat passenger of the vehicle (Ms.

Deitrich) had outstanding warrants. *Id*. Mr. Logan was in the rear passenger seat of the vehicle. *Id*. After the driver and front seat passenger were removed from the vehicle, police asked Mr. Logan to exit so the vehicle could be towed. *Id*. Upon his exit, Officers observed marijuana and Mr. Logan was placed under arrest. *Id*. at PID 118. While patting down Mr. Logan, police found a small plastic bag containing a white crystal substance in his left pants pocket. *Id*. Police then searched the vehicle and found a firearm in a bag next to where Mr. Logan was sitting. *Id*.

The defense objected to the 4-level specific offense characteristic included in the presentence report arguing that this enhancement was not part of the parties plea agreement. *Id*. at PID 119. Mr. Logan was never charged in federal court with possessing the drugs that were recovered that day. *Id*. The firearm was not possessed or used in connection with the possession of any drugs. *Id*. There was no indication Mr. Logan was trafficking in drugs, he was charged only with possession of drugs in state court, which was dismissed. The possession of the firearm did not facilitate the possession of drugs, and the possession of the firearm and possession of the drugs were not part of a common scheme or plan. *Id*. As a result, the defense argued that the 4-level enhancement should not apply given the specific facts and circumstances presented in this case.

Mr. Logan was cooperative with the officers during the traffic stop. *Id*. at PID 120. Mr. Logan has worked most of his adult life and did have a difficult childhood. *Id*. Within less than a year, Mr. Logan accumulated approximately ten (10) of his criminal history points. The memorandum states:

> "Mr. Logan says he was really having a hard time during those 9 months. He was having family problems and was going through financial hardship. He says he was not himself and regrets his actions. He should have reached out for counseling or therapy to deal with these problems and help him make better decisions."

*Id*. at PID 120-1. Once released from custody, Mr. Logan plans to leave Ohio to reside in Kentucky. Mr. Logan has previously resided in Kentucky where he was gainfully employed and abstained from criminal conduct. *Id*. at PID 121. Mr. Logan's mother indicated she would provide him with housing and stability in Kentucky upon his release.

Mr. Logan had a difficult childhood. His father was incarcerated during the first ten (10) years of his life and his mother worked a low paying job, which led to the family financially struggling. *Id*. at PID 122. Mr. Logan has three (3) minor daughters and an additional child that is not biologically his, however he has helped raise. *Id*. Mr. Logan is an active father in his children's lives. *Id*.

Mr. Logan has a history of issues with alcohol abuse, which led to him making poor decisions in his past. *Id*. at PID 123. He would like to participate in substance abuse treatment so he can remain sober, work a good job, be a

productive member of the community, and a better father. *Id*. The defense also submitted three (3) character letters from Mr. Logan's family members, his mother, his daughter and the mother of his oldest daughter. Mr. Logan's mother stated in part:

> "Before he was arrested, he held down a job had an apartment and was a very active in his daughter's life, taking her to and from school getting her on the weekends while her mother worked Friday Saturday, Sunday and Monday, my son didn't really give me much problems as a kid he is diagnosed with ADHD but he was able to graduate from high school, went to some college become a mechanic. I'm not sure what to say so I'll speak straight from the heart. My son is not a bad adult. He has a big heart and he's always trying to help someone. He's a good father to his children and he's a good son to me, his mother.

> \*\*\*

> "I believe that with the conversations I've had with my son, he has been rehabilitated, and he has learned his lesson I believe upon release he will be a success, and a great role model for others not to do the wrong thing if you just give him a chance, he won't let you down. He won't let me down more importantly, he won't let himself down."

*Id*. at PID 125. Mr. Logan's oldest daughter stated that her father helped her with her homework and took her to school. *Id*. at PID 126. He would also take her to the park and help her learn things. *Id*. He always made sure that she was provided for. *Id*. His daughter stated: "I really couldn't ask for a better father. When things go bad my father is there, if I need something I would run to him." *Id*. The mother of

14

Mr. Logan's daughter also wrote a letter to the Court describing Mr. Logan as a good provider that works hard to support his family. *Id.* at PID 127. Mr. Logan is a good co-parent and an active father. *Id*. Mr. Logan is reliable and always shows up for his children in any way that he can. *Id.*

## IV.    SENTENCING HEARING

Guanterio Logan appeared before Honorable Judge Adams on March 20, 2024 for his sentencing hearing. (Sent. Trans., R. 33, PID 147). Mr. Logan indicated that he had reviewed the presentence report and discussed it with his counsel. *Id.*

The Court began by addressing the defense's objection to the 4-level enhancement included in his presentence report pursuant to U.S.S.G. §2K2.1(b)(6)(B). *Id*. at PID 147-8. The Court stated that: "The enhancement relates to the circumstances surrounding the Defendant's arrest. At the time of his arrest, he was found to be in possession of drugs that later were established to be methamphetamine." *Id*. at PID 148. The defense incorporated the arguments contained in its sentencing memorandum and further argued that this small amount of drugs was for personal use, stating:

> "Specifically, Judge, what I highlighted is that this is a small amount of personal use drugs. I believe the amount is 6.19 grams of methamphetamine. There is no indicia of any drug trafficking here, and in no way did the firearm facilitate the crime."

*Id.* at PID 148.

Counsel for the government responded, stating that it would stand by its plea agreement which did not add the 4-level enhancement. *Id.* at PID 150. The government did not request that the Court apply the enhancement. *Id.* The government also indicated that the State Court originally charged the drugs involved as possession, not trafficking. *Id.* at PID 151. If this was trafficking, then the firearm could further the trafficking as means to protect the drugs. *Id.* However, the government acknowledge that such an argument was tougher to make for connecting a firearm to possession of drugs. *Id.*

When asked by the Court if six (6) grams was a user amount, the government responded stating that it is a borderline amount, however the government argued that there was no other indication that Mr. Logan was trafficking those drugs, such as a cell phone, large amounts of currency, or individually packaged drugs. *Id.* Given the preponderance of the evidence standard required to include the enhancement, the government maintained their position expressed in the plea agreement that the 4-level enhancement should not apply. *Id.* at PID 152.

The Court overruled the objection and determined that: "It is well established that possession of firearms along with possession of drugs, they are

interrelated. Drug traffickers frequently or seller of drugs frequently possess firearms. It is part and parcel of the trade." *Id*. at PID 152.

As a result of the Court independently applying this enhancement, an enhancement that neither party requested and that was not included in Mr. Logan's plea agreement, the Court found the final adjusted offense level to be twenty-five (25) with a criminal history category of six (VI) corresponding to a guideline range of 110 to 137 months imprisonment. *Id*. at PID 153. The Court noted that the parties plea agreement would have resulted in a guideline range of 77 to 96 months imprisonment. *Id*. at PID 154. The Court indicated that it had read the defendant's sentencing memorandum and the letters that were submitted to the Court. *Id*.

On behalf of Mr. Logan, defense counsel indicated that there were multiple family members present in court to support him. *Id*. at PID 154. Mr. Logan's Aunt spoke at his sentencing hearing, informing the court that his mother was very young when she had him and that he had not had the easiest life. *Id*. *Id*. His mother was only fourteen (14) when she got pregnant. *Id*. at PID 157. In 2019, Mr. Logan lost his grandmother who was his caretaker as a child. *Id*. at PID 154. He and the entire family struggled with that significant loss. *Id*. Mr. Logan has continued to show support and love to his family, who are all hard working. *Id*.

In addition to his Aunt, Mr. Logan had other family members present who indicated that they were not only there to support him at his sentencing, but were

also willing to support him in the future. *Id.* at PID 164. Mr. Logan also intends to relocate to Kentucky upon his release from custody. *Id.* Mr. Logan had previously been successful in abstaining from criminal conduct and finding gainful employment when residing in Kentucky. *Id.*

When considering the underlying nature of the traffic stop, Mr. Logan was cooperative during the stop and did not have the weapon on his person. *Id.* at PID 165. Mr. Logan is a hard worker, someone who works lawful jobs and belongs to a labor union. *Id.* at PID 166. During Mr. Logan's short span of time (9 months) in which he earned ten (10) criminal history points, Mr. Logan was going through a divorce where he was drinking heavily, using drugs, and not making good decisions. *Id.* at PID 166. Mr. Logan is a high school graduate. *Id.* at PID 167.

Mr. Logan apologized for his criminal record and stated that some of the things in his presentence report that happened when he was going through his divorce did not accurately reflect what had happened. *Id.* at PID 168. The Court continued to address Mr. Logan's past behavior which included prior criminal conduct and violations of community control. Mr. Logan responded stating, "I don't know what to say other than I apologize for being in your courtroom, sir." *Id.* at PID 170. Counsel for the government requested the Court to impose a guideline sentence. *Id.* at PID 170.

After considering the nature and circumstances of the offense, the history of Mr. Logan, the average sentences imposed for similarly situated defendants, and the arguments of the parties, the Court imposed the following sentence:

> "So unfortunately, his record is such that a long prison term is needed along with supervised release. Mental health aftercare, substance abuse aftercare, things of that nature all are important here. So for those reasons, the Court will do the following, and again I have given the matter great thought. I read the letters submitted and all the other materials.
>
> One hundred ten months is the appropriate sentence. It is the low end under the Guidelines and the range that I have calculated. As I have indicated, for those reasons pursuant to the Sentencing Reform Act of 1984, 18 United States Code 3553(a) it is the judgment of the Court the Defendant is sentenced to a period of 110 months in the Bureau of Prisons.
>
> I believe that's the appropriate sentence based upon all I have stated."

*Id*. at PID 179-180. The government did not object to the Court's sentence however the defense did object to the 4-level increase for the specific offense characteristic, and further objected to the Court's sentence. *Id*. at PID 182-3. Mr. Logan was informed of his right to appeal the Court's sentence. *Id*. at PID 185.

On March 20, 2024, the District Court issued its written Judgment and Mr. Logan timely filed a Notice of Appeal on March 26, 2024. (Judgment, R. 26, PID 129). (Notice, R. 28, PID 140).

## SUMMARY OF THE ARGUMENT

This Honorable Court should reverse the District Court's application of the 4-level sentencing enhancement that was independently applied by the Court pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because the amount of drugs possessed by Mr. Logan amounted to simple possession, not drug trafficking, and the Court failed to make any findings that the possession of the firearm facilitated the possession of the personal use drugs. It is not sufficient for the firearm to simply be present near the same location where the drugs were found. The firearm must have the ability to facilitate another felony offense to apply the enhancement.

Mr. Logan admitted that he carried the firearm for personal safety as a result of traveling through dangerous areas. The small amount of drugs, which was uncharged conduct, amounted to personal use and not drug trafficking. There were no other factual indications that would support a finding that Mr. Logan was engaged in drug trafficking. As a result, both parties jointly requested the Court to not apply the 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) at sentencing, which was also what both parties negotiated in Mr. Logan's plea agreement. As a result of the District Court's error, Mr. Logan's case should be remanded for resentencing without the application of the 4-level enhancement, to an offense level of twenty-one (21) and a criminal history category of six (VI), resulting in an advisory guideline range of 77 months to 96 months.

# ARGUMENT

## I. WHETHER THE DISTRICT COURT ERRED IN APPLYING A 4-LEVEL SENTENCING ENHANCEMENT PURSUANT TO U.S.S.G. §2K2.1(B)(6)(B).

### A. STANDARD OF REVIEW.

In reviewing the application of the U.S.S.G. § 2K2.1(b)(6)(B) enhancement, this Honorable Court reviews the district court's factual findings for clear error. *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011). Whether a defendant possessed a firearm in connection with another felony "is a 'fact-specific inquiry.'" *Id*. at 431 (quoting *United States v. McKenzie*, 410 F. App'x 943, 946 (6th Cir. 2011)). Challenges to the application of the § 2K2.1(b)(6) enhancement that present legal questions are reviewed de novo. *Id.*

### B. ARGUMENT.

The U.S.S.G. § 2K2.1(b)(6)(B) sentencing enhancement increases a defendant's base offense level by 4-levels if the government proves by a preponderance of the evidence that a defendant "used or possessed any firearm or ammunition in connection with another felony offense[.]" U.S.S.G. § 2K2.1(b)(6)(B); *United States v. Mukes*, 980 F.3d 526, 533 (6th Cir. 2020). Commentary to the guideline explains that this requirement is satisfied "if the firearm or ammunition facilitated, or had the potential of facilitating," the other felony offense. U.S.S.G. § 2K2.1, cmt. n. 14(A). The prosecution must establish by

a preponderance of the evidence a connection between the firearm and an independent felony. *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011).

Here, the evidence did not support any finding that there was drug trafficking activity, as the drugs involved amounted to simple possession. Law enforcement did not observe Mr. Logan engage in any drug trafficking activities. He was not under any active investigation for drug trafficking activities. He was not charged with drug trafficking in either State or Federal Court for his conduct that evening. During his change of plea hearing, the government described the drugs involved as a "small amount." (Plea Trans., R. 35 PID 222).[1]

Mr. Logan was not involved in any drug trafficking, and as a result, U.S.S.G § 2K2.1 application note 14(B) does not apply here. Courts have recognized that "close proximity between a firearm and drugs will suffice to justify the enhancement **when an offender is engaged in drug trafficking**," as opposed to merely being in possession of drugs. *See United States v. Shields*, 664 F.3d 1040, 1045 (6th Cir. 2011).

---

[1] The Court also briefly mentioned the marijuana recovered from the vehicle, separate and apart from the powder substance recovered from Mr. Logan's person. However, under Ohio law, possession of marijuana under 200 grams at the time of this offense was a misdemeanor of the fourth degree, not a felony offense. *See* ORC § 2925.11. The government never presented any facts about the amount of marijuana that was recovered from the vehicle and the Court never made a factual finding that the amount of marijuana recovered from the vehicle constituted a felony offense. As a result, the marijuana recovered is irrelevant to this Honorable Court's evaluation regarding the application of U.S.S.G. § 2K2.1(b)(6)(B) because it did not constitute a felony offense.

Here, at most, Mr. Logan's conduct constituted simple possession of drugs for personal use, not drug trafficking. In addition, given that there was no allegation of drug trafficking, the Court's conclusion that: "It is well established that possession of firearms along with possession of drugs, they are interrelated. Drug traffickers frequently or seller of drugs frequently possess firearms. It is part and parcel of the trade," was not supported by the facts presented here or the guideline interpretations. (Sent. Trans., R. 33, PID 152). The Court improperly relied upon U.S.S.G. § 2K2.1 comment note 14(C) to make conclusions regarding drug trafficking that were not supported by the facts presented at his sentencing hearing, given that this case only involved simple possession.

No one testified or presented any evidence at Mr. Logan's sentencing hearing that Mr. Logan was involved in drug trafficking. As a result, the Court's conclusion in applying this enhancement over the request of both parties to not apply the enhancement, failed to meet the preponderance of the evidence standard.

The government did not argue that Mr. Logan was actively trafficking in drugs. Further, the government did not argue that the firearm facilitated, or had the potential of facilitating Mr. Logan's separate offense of personal possession of the drugs that were recovered. The six (6) grams of drugs recovered is small enough to be that of personal use, which only amounts to simple possession. *See*, 21 U.S.C. § 844.

Based upon the arguments above, the firearm did not facilitate, or have the potential of facilitating, the other offense of simple possession of drugs for personal use. U.S.S.G. § 2K2.1, cmt. n. 14(A). For the enhancement to apply, the government must "establish[ ], by a preponderance of the evidence, a ***nexus*** between" the felonious drug possession and the firearm. *United States v. Bullock*, 526 F.3d 312, 317 (6th Cir. 2008) (quoting *United States v. Burns*, 498 F.3d 578, 580 (6th Cir. 2007) (emphasis added)).

In *McKenzie*, the defendant told the officers that he had a gun for protection because he had been fired upon earlier that day. *United States v. McKenzie*, No. 09-5068, 2011 WL 477738, at *2 (6th Cir. Feb. 10, 2011). The officer(s) also recovered a bag containing approximately 1.1 grams of marijuana. *Id*. At sentencing, McKenzie objected to the 4-level enhancement, arguing that there was no connection between the marijuana possession[2] and the firearm. *Id*. at *3. This Court concluded that the government did not prove by a preponderance of the evidence that McKenzie's firearm had the potential to facilitate his marijuana possession. *Id*. at *6. There was no evidence that McKenzie was engaged in drug trafficking, and the evidence established that the small amount of drugs was meant for personal use and was not a valuable quantity warranting protection. *Id*. at *7. In addition, McKenzie's statement to officers was that he was carrying the gun for

---

[2] At the time of his offense, given his prior offenses, McKenzie's possession of marijuana amounted to a felony offense in the State of Tennessee.

protection because he feared for his life. *Id*. McKenzie did not state that he feared that someone would steal his small baggie of marijuana. *Id*.

On nearly identical facts, the Fifth Circuit rejected the argument that a defendant's possession of a gun "emboldened" him to possess or served to "protect" the small amount of drugs found in his car. *United States v. Jeffries*, 587 F.3d 690, 695 (5th Cir. 2009) (firearm and single "rock" of crack cocaine found in a vehicle). That court explained, "the evidence that would allow us to draw those conclusions must be something more than the simultaneous possession of a small quantity of drugs and a gun in the same vehicle standing alone." *Ibid*. The Sentencing Commission has made it clear that, in felonies that do not involve drug trafficking, proximity alone is not sufficient. *See* USSG §2K2.1, comment. (n.14). As a result, the case was reversed and remanded because the government failed to prove, by a preponderance of the evidence, that McKenzie possessed a firearm "in connection with" his possession of marijuana.

Similar to *McKenzie* and *Jeffries*, the firearm here was located in a bag that did not contain any drugs or drug paraphernalia. Mr. Logan indicated in his statement to U.S. Probation that he possessed the gun for protection as a result of being in dangerous areas, not that he possessed the gun in connection with his personal issues with substance abuse, stating: "I travel through dangerous areas and felt the need to have the gun for protection." (PSR, R. 22, PID 94). There was

never any statement made that the gun had any connection to the possession of personal use drugs.

Given that the small amount of drugs were possessed for personal use and the failure to establish any facts that connected the firearm to the personal use of drugs, the District Court erred when it applied the 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B), warranting reversal and remand for a new sentencing hearing. Without the improperly applied 4-level enhancement, Mr. Logan's guideline range should be 77 months to 96 months, as agreed to by the parties in his plea agreement. As a result, the District Court erred in imposing a sentence of 110 months imprisonment and Mr. Logan respectfully requests his case to be remanded for a reduction of his sentence without the application of U.S.S.G. § 2K2.1(b)(6)(B).

## CONCLUSION

For the reasons set forth above, this Honorable Court should reverse the District Court's judgment and remand this case back to the District Court for a resentencing hearing.

Respectfully submitted,

s/ Kevin M. Cafferkey
**KEVIN M. CAFFERKEY, (#0031470)**
Attorney for Defendant/Appellant
55 Public Square
2100 Illuminating Building
Cleveland, OH 44113

(216) 363-6014
kmcafferkey@hotmail.com

## CERTIFICATE OF COMPLIANCE

This brief is submitted under Rule 32(a)(7)(C). This brief complies with the type-volume limitations set forth in Rule 32(a)(7). This document contains 5,969 words.

Dated: September 5, 2024.

s/ Kevin M. Cafferkey_____

**KEVIN M. CAFFERKEY, (#0031470)**

Attorney for Defendant/Appellant

55 Public Square

2100 Illuminating Building

Cleveland, OH 44113

(216) 363-6014

kmcafferkey@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2024 a copy of the foregoing Appellant's Brief was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system. A copy was sent via ordinary mail to:

**GUANTERIO N LOGAN**
**Register Number: 78115-510**
Big Sandy USP
U.S. Penitentiary
P.O. Box 2068
Inez, KY  41224

s/ Kevin M. Cafferkey_____
**KEVIN M. CAFFERKEY, (#0031470)**
Attorney for Defendant/Appellant

## APPELLANT'S DESIGNATION OF
## DISTRICT COURT DOCUMENTS
## 5:23CR422

| Record | PID | Description |
|---|---|---|
| 3 | 8-9 | Indictment |
| 20 | 61-71 | Plea Agreement |
| 21 | 72-90 | First Presentence Report |
| 22 | 91-110 | Final Presentence Report |
| 24 | 117-127 | Defendant's Sentencing Memorandum |
| 26 | 129-135 | Judgment |
| 27 | 136-138 | Statement of Reasons |
| 28 | 140 | Notice of Appeal |
| 33 | 145-186 | Sentencing Transcript (March 20, 2024) |
| 35 | 204-225 | Change of Plea Transcript (December 6, 2023) |